1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED & ENTERED

SEP 25 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

BRENNON TY BISHOP
and MICHELLE BISHOP,

        Debtors.

_____

ELECTRONIC FUNDS SOLUTIONS, LLC,
and MICHAEL BARRY,

        Plaintiffs,

v.

TY BRENNON BISHOP,

        Defendant.

Case No. 2:12-bk-16000-RK

Chapter 7

Adv. No. 2:12-ap-01300-RK

**MEMORANDUM DECISION ON
PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE,
SUMMARY ADJUDICATION OF ISSUES**

      On February 24, 2003, Electronic Funds Solutions, LLC ("EFS") and Michael Barry ("Barry") (collectively, the "Plaintiffs"), commenced this adversary proceeding by filing a complaint seeking a determination of dischargeability of debt pursuant to 11 U.S.C § 523(a)(4) and (6). The defendant in this adversary proceeding is debtor Ty Brennon Bishop ("Defendant").

1    On April 25, 2003, Defendant filed and served a motion to dismiss the complaint or

2 for more definite statement.  By order entered on June 10, 2003, the court granted the

3 motion to dismiss with 20 days leave to amend.  On June 17, 2003, Plaintiffs filed and

4 served their first amended complaint.  The first amended complaint in this adversary

5 action alleged the following causes of action: (1) fraudulent breach of fiduciary duty under

6 11 U.S.C § 523(a)(4); (2) conversion under 11 U.S.C. § 523(a)(6); (3) intentional

7 interference with economic relations under 11 U.S.C. § 523(a)(6); (4) intentional

8 interference with prospective economic relations under 11 U.S.C. § 523(a)(6);

9 (5) misappropriation of trade secrets under 11 U.S.C. § 523(a)(6); (6) unfair competition

10 and untrue and misleading advertising under 11 U.S.C. § 523(a)(6); and (7) trespass as

11 to real and personal property under 11 U.S.C. § 523(a)(6).  Plaintiffs also requested post-

12 judgment interest.

13    On July 9, 2003, Defendant filed and served a motion to dismiss the first amended

14 complaint or for more definite statement.  By order entered on September 10, 2003, the

15 court granted in part and denied in part the motion to dismiss or for more definite

16 statement by dismissing the first cause of action with prejudice as to both Plaintiffs,

17 dismissing Plaintiff Barry from the remaining causes of action with prejudice, and denying

18 the motion as to Plaintiff EFS as to the remaining causes of action and ordering

19 Defendant to answer the first amended complaint.  On September 17, 2003, Defendant

20 filed and served an answer to the first amended complaint.  Because the court dismissed

21 Plaintiff Barry from all the causes of action of the first amended complaint with prejudice,

22 technically speaking, the only proper party plaintiff is EFS.

23    Plaintiffs filed a motion for summary judgment, or in the alternative summary

24 adjudication of issues, on January 4, 2010 (the "Motion").[1]  Plaintiffs also submitted a

25

26 [1]  The Motion was originally noticed for hearing on February 9, 2009, which was for an incorrect year.  Motion at 1.
Subsequent notices of hearing had the correct date and year.  The Motion states that the movants are both Plaintiffs,

27 but due to the court's ruling on the motion to dismiss the first amended complaint and/or for more definite statement,
the only proper party plaintiff is EFS.

28

`

1    request for judicial notice in support of the Motion on January 4, 2010.  Specifically, in the

2    Motion, Plaintiffs contend that there is no genuine issue of material fact the subject debt

3    owed by Defendant to them is non-dischargeable under 11 U.S.C. § 523(a)(6).  Plaintiffs

4    argue that the state court judgment, and the uncontested proof of claim, are preclusive on

5    the issue of whether the debt for "willful and malicious injury" acts by Defendant is within

6    the meaning of § 523(a)(6).  The Motion came on for hearing before the undersigned

7    United States Bankruptcy Judge on May 6, 2010 and January 5, 2011.  The court

8    permitted Plaintiffs to submit supplemental briefing, and they filed a supplemental brief on

9    July 15, 2010.  In the supplemental brief, Plaintiffs argue that California law makes the

10    state court default judgment preclusive as to whether the debt was for "willful and

11    malicious" injury under 11 U.S.C. § 523(a)(6).  Plaintiffs alternatively argue that the

12    evidence in support of the motion establishes that the debt is non-dischargeable under

13    § 523(a)(4) through the res judicata effect of the unobjected-to proof of claim.  However,

14    as discussed earlier, only EFS is the proper party plaintiff which may properly bring the

15    motion for summary judgment.

16         Having considered the moving papers and supplemental brief, the court concludes

17    the Motion should be granted under 11 U.S.C. § 523(a)(6) for the reasons stated herein

18    as well as for lack of timely written opposition.[2]  Fed. R. Bankr. P. 7056; Fed. R. Civ. P.

19    56; Local Bankruptcy Rule 9013-1(h).

20                                         **DISCUSSION**

21         A party is entitled to summary judgment when "the pleadings, depositions,

22    answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

23

24    [2]  Defendant appeared by filing and serving an answer in this adversary proceeding.  The certificate of service of the
notice of motion and motion for summary judgment or summary adjudication of issues shows that Plaintiffs served

25    Defendant through his counsel of record, R. Gibson Pagter, Jr., on December 30, 2009.  On January 26, 2010,
Defendant filed a substitution of attorney substituting himself for Mr. Pagter as attorney of record in this adversary

26    proceeding.  Although Defendant has been served with copies of the moving papers, he has not filed any opposition to
the Motion before the hearing on May 6, 2010 and January 5, 2011.  Defendant's failure to timely file and serve an

27    opposition to the Motion may be deemed by the court to be consent to the granting of the motion.  Local Bankruptcy
Rule 9013-1(h).

28

1  show that there is no genuine issue as to any material fact and that the moving party is

2  entitled to judgment as a matter of law."  Fed, R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.  A

3  fact is "material" if it might affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*,

4  477 U.S. 242, 248 (1986).  A dispute over such facts is "genuine" if the evidence is such

5  that a reasonable trier of fact could find in favor of the nonmoving party.  *Id.*  Thus, to the

6  extent that there is a "mixed question of fact and law and the only disputes relate to the

7  legal significance of undisputed facts, the controversy collapses into a question of law

8  suitable to a disposition on summary judgment."  *Thrifty Oil Co. v. Bank of Am. Nat'l Trust*

9  *& Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002).

10  The moving party must show from the record that there is an absence of evidence

11  to support the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325

12  (1986).  In determining whether genuine issues of material fact exist, the evidence must

13  be viewed in the light most favorable to the non-moving party.  *Tarin v. County of Los*

14  *Angeles*, 123 F.3d 1259, 1263 (9th Cir. 1997).  Once the moving party has demonstrated

15  that no genuine issue of material fact exists, the nonmoving party "must go beyond the

16  pleadings and . . . designate specific facts showing that there is a genuine issue for trial."

17  *Celotex*, 477 U.S. at 324.

18  An individual debtor may not discharge a debt to the extent that such debt was

19  obtained "for willful and malicious injury by the debtor to another" or "to the property of

20  another."  11 U.S.C. § 523(a)(6).  Plaintiff EFS as the remaining plaintiff which seeks a

21  determination that the debt is excepted from discharge under 11 U.S.C. § 523(a) bears

22  the burden of proving its claims by a preponderance of the evidence.  *Grogan v. Garner*,

23  498 U.S. 279, 289 (1991).

24  An injury is "willful" "when it is shown that either the debtor had a subjective motive

25  to inflict injury or that the debtor believed that injury was substantially certain to occur as

26  a result of his conduct."  *Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202, 1208 (9th Cir.

27  2001).  "Willful" intent does not require that the debtor have had the specific intent to

28

4

injure the creditor, if the act was intentional and the debtor knew that it would necessarily cause injury. *Id.* at 1207. "Willful" means "voluntary" or "intentional," *Kawaahau v. Geiger*, 523 U.S. 56, 61 n.3 (1998), and so recklessness or negligence is insufficient; the debtor must not only have *acted* willfully, but also *inflicted the injury* willfully. 523 U.S. 56, 61-62 (1998) (*citing* Restatement (Second) of Torts, § 8A, cmt. A (1964)). This standard focuses on the debtor's subjective intent, and not "whether an objective, reasonable person would have known that the actions in question were substantially certain to injure the creditor." *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1145-1146 (9th Cir. 2002).

The "malicious" injury requirement is separate from the "willful" requirement. *In re Su*, 290 F.3d at 1146. An injury is "malicious" if it involves "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Jercich*, 238 F.3d at 1209 (*citing Kawaahau v. Geiger*, 523 U.S. 57 (1998)). This definition "does *not* require a showing of biblical malice, i.e., personal hatred, spite, or ill-will." *Murray v. Bammer* (*In re Bammer*), 131 F.3d 788, 791 (9th Cir. 1997). The intent required is the intent to do the act at issue, not the intent to injure the victim. *Id.*

The doctrine of collateral estoppel applies in non-dischargeability proceedings in bankruptcy courts. *Grogan v. Garner*, 498 U.S. at 284 and n. 11. "In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel." *Bugna v. McArthur* (*In re Bugna*), 33 F.3d 1054, 1057 (9th Cir. 1994) (*citing* 28 U.S.C. § 1738). Bankruptcy courts must, therefore, give the same preclusive effect to a state court judgment that it would receive in the courts of that state. *Gayden v. Nourbakhsh* (*In re Nourbakhsh*), 67 F.3d 798, 800-802 (9th Cir. 1995).

Under California law, there are five threshold requirements: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) this issue must have been actually litigated in the former proceeding; (3) it must have

1    been necessarily decided in the former proceeding; (4) the decision in the former

2    proceeding must be final and on the merits; (5) the party against whom preclusion is

3    sought must be the same as, or in privity with, the party to the former proceeding.  *In re*

4    *Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (*citing Lucido v. Superior Court*, 51 Cal. 3d

5    335, 795 P.2d 1223, 1225 (1990)).

6        As discussed herein, the court determines that Plaintiff EFS has met its ultimate

7    burden of persuasion on the motion for summary judgment to show that there are no

8    genuine issues of material fact arising from their claim under 11 U.S.C. § 523(a)(6) and

9    that it is entitled to judgment as a matter of law under 11 U.S.C. § 523(a)(6) on the

10    second through seventh causes of action of the first amended complaint.

**ANALYSIS**

**1.  The State Court Default Judgment Has Preclusive Effect as to whether the Debt
to the Plaintiffs was "Willful and Malicious" under 11 U.S.C. § 523(a)(6).**

A.    The Issues Are Identical

15        In its final judgment modified post-remittur on or about September 21, 2009, the

16    Superior Court of California, County of Orange (the "state court") held in a civil action

17    brought by EFS and Barry against Defendant and others that the Defendant's acts in

18    converting and misappropriating the business and assets of EFS constituted tortious acts,

19    establishing the elements of various tort claims alleged in the first amended complaint

20    filed in that action, including conversion, intentional interference with economic relations,

21    intentional interference with prospective economic relations, misappropriation of trade

22    secrets, unfair and untrue and misleading advertising, trespass as to real and personal

23    property and money had and received.  Exhibit K to Request for Judicial Notice, filed on

24    January 4, 2010 (Judgment, *Electronic Funds Solutions, LLC, et al. v. Michael Murphy, et*

25    *al.,* No. 01CVC02447 (Superior Court of California, County of Orange, judgment modified

26    post-remittur dated September 21, 2009)); see also, Exhibit F to Request for Judicial

27    Notice (First Amended Complaint, *Electronic Funds Solutions, LLC, et al. v. Michael*

28

*Murphy, et al.,* No. 01CVC02447 (Superior Court of California, County of Orange, dated May 3, 2006)).  The state court judgment was entered on default after remand after a second appeal before the California Court of Appeal in the state court case.  See Exhibit J to Request for Judicial Notice (Opinion of California Court of Appeal, *Electronic Funds Solutions, LLC, et al. v. Michael Murphy, et al.,* No. G040161 (California Court of Appeal, Fourth Appellate District, Third Division, unpublished opinion, filed on or about June 19, 2009)).

The state court also specifically held that the Defendant, Michael Murphy and Electronic Payment Technologies, LLC ("EPT") engaged in a conspiracy and committed those acts "<u>wilfully, wantonly, fraudulently, maliciously, and with callous disregard and indifference to the rights of EFS and BARRY</u>" (emphasis added).  Exhibit K to Request for Judicial Notice.  The state court's specific holding on conspiracy and willfulness and malice is stated as follows:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that MURPHY, BISHOP, and EPT engaged in a conspiracy to take the business of EFS, including all of its assets, prospective clientele, clientele, documents, facility, supplier and other contracts, trade secrets, and methods of operation (the Court finds that MURPHY, BISHOP and EPT are responsible for the acts of one another by reason of the conspiracy and the relationships between them), BARRY became the sole member of EFS as of January 15, 2002 providing him with an economic interest in EFS and its pass through cash flow, and that said Defendants, and each of them, pursuant to said conspiracy, willfully, wantonly, fraudulently, maliciously, and with callous disregard and indifference to the rights of EFS and BARRY, engaged in acts of unfair competition (including, but not limited to, unfair, false and misleading advertising by causing members of the public, including EFS' clients and prospective clients, to believe that EPT was EFS operating under a different name and/or that BARRY had consented to EPT's solicitation of, and entry of contracts

1    with, EFS' clients, prospective clients, service providers, and marketing

2    contractors, the conversion of the assets of the business of EFS and the exclusion

3    of EFS from its own property, including its office, business records, phone lines,

4    website, and mail, the wilful and malicious misappropriation of EFS' trade secrets

5    for their own gain and benefit, the improper use of EFS' name for their own gain,

6    and the misappropriation of EFS' mail and website, misappropriation of funds

7    belonging to EFS, and misappropriation of email of BARRY), intentional

8    interference with the economic relations and prospective economic relations of

9    EFS, trespass as to real property (leasehold) and personal property of EFS, and

10    wilful and malicious appropriation of EFS' trade secrets, . . . .

11    Exhibit K to Request for Judicial Notice at 2-3.  The court awarded damages to Plaintiffs

12    on the conversion claim of $72,193.14 together with prejudgment interest of $50,535.20

13    against Defendant and others.  *Id.*  The court also awarded to Plaintiffs damages of $10

14    million on the tort claims against Defendant and the other parties determined to be his co-

15    conspirators, Bishop and EPT, plus prejudgment interest of $7 million.  *Id.*  The court also

16    awarded to Plaintiffs attorneys' fees in the amount of $224,675.97 on their claim for

17    conversion pursuant to California Business & Professions Code, § 17082 and California

18    Civil Code, § 3426.4.  These liabilities were upheld on appeal.  Exhibit J to Request for

19    Judicial Notice.  However, Plaintiffs' award of $50 million in punitive damages was

20    reversed on appeal for failure of Plaintiffs to offer evidence of the net worth of the

21    defendants.  *Id.*

22        Because the common, accepted definitions of "willful" and "malicious" are roughly

23    synonymous with the federal requirements of 11 U.S.C. § 523(a)(6), the court concludes

24    that the issues are identical.  *See Kawaauhau v. Geiger*, 523 U.S. at 61-62 (defining

25    "willful" as synonymous with the Restatement definition of the intent required for an

26    intentional tort and with the Black's Law Dictionary definition of "willful" as "voluntary and

27    intentional"); Garner ed., *Black's Law Dictionary* at 857 (9th ed. 2009) (defining, "willful

28

1  and malicious injury" as, "damage to another entity (such as a creditor) caused by a

2  debtor intentionally performing a wrongful act – without just cause or excuse – that the

3  debtor knew was certain or substantially certain to cause injury").  Furthermore, this court

4  has found that a state court's specific finding that an intentional tort was committed with

5  "willful" intent is preclusive in determining whether a debt arose from "willful" injury under

6  § 523(a)(6); *see also, In re Hibbs*, 161 B.R. 259, 261-262 (Bankr. C.D. Cal. 1993)

7  (granting summary judgment to the plaintiff in non-dischargeability proceeding based on a

8  state court jury's special verdict finding that a debtor's infringement of the plaintiff's

9  copyright was "willful").

10      The state court in its default judgment made it clear that it was holding that

11  Defendant's acts were wrongful, done intentionally, necessarily causing injury and without

12  just cause or excuse, which reflect the elements for malice under 11 U.S.C. § 523(a)(6)

13  when it held that Defendant conspired to convert and misappropriate the assets of EFS

14  and Barry, including trade secrets, trade name, funds, mail, website and email, and real

15  and personal property.  Exhibit K to Request for Judicial Notice; *see also, In re Jercich*,

16  238 F.3d at 1209 (citation omitted).

17      B.    The Issues of "Willfulness" and "Malice" Were Actually Litigated

18      In California, a default judgment satisfies the "actually litigated" requirement for the

19  application of collateral estoppel.  *Younie v. Gonya* (*In re Younie*), 211 B.R. 367, 375 (9th

20  Cir. BAP 1997).  In *Younie,* the court stated:

21          In California, it is well settled that a default judgment is: conclusive to the issues

22          tendered by the complaint as if it had been rendered after answer filed and trial

23          had on the allegations denied by the answer.... Such a judgment is res judicata as

24          to all issues aptly pleaded in the complaint and defendant is estopped from

25          denying in a subsequent action any allegations contained in the former complaint.

26  *Id.* (*citing In re Moore*, 186 B.R. 962, 971 (Bankr. N.D. Cal. 1995)) (*quoting Fitzgerald v.*

27  *Herzer*, 177 P.2d 364, 366 (1947)).  Thus, all issues raised in the Plaintiffs' state court

28

1  complaint are deemed, by the default judgment, therefore, to have been "actually

2  litigated" for purposes of collateral estoppel.  *Id.*  After the default prove-up hearing at

3  which the Plaintiffs submitted evidence in the state court action, the state court

4  specifically held the Defendants:

5          engaged in a conspiracy to convert the business of EFS . . . [and] . . . pursuant to

6          said conspiracy, <u>wilfully, wantonly, fraudulently, maliciously, and with callous</u>

7          <u>disregard and indifference to the rights of EFS and BARRY</u>, engaged in acts in

8          breach of the fiduciary duties owed by MURPHY to EFS and BARRY, acts of unfair

9          competition, intentional interference with the economic relations and the

10         prospective economic relations of EFS, trespass as to real property (leasehold)

11         and personal property of EFS, and wilful and malicious misappropriation of EFS'

12         trade secrets . . . .

13 Exhibit K to Request for Judicial Notice (emphasis added); *see also,* Exhibit H to Request

14 for Judicial Notice (Request for Default Judgment by the Court; Declarations of Michael

15 Barry and Einar Wm. Johnson, *Electronic Funds Solutions, LLC, et al. v. Michael Murphy,*

16 *et al.,* No. 01CVC02447 (Superior Court of California, County of Orange, dated February

17 21, 2008).  Thus, the issues of "willfulness" and "malice" were actually litigated in

18 determining Defendant's intent with respect to the intentional torts of conversion,

19 misappropriation and intentional infliction with actual and prospective economic relations

20 in the default prove-up in the state court action.  *Id.*

21         C.      The Issues Were Necessarily Decided

22         An issue is necessarily determined in a default judgment only if it appears upon the

23 face of the judgment to have been so decided, or, if not expressly mentioned in the

24 judgment, if determined by necessary implication from the judgment.  *In re Younie*, 211

25 B.R. at 374, *citing,* California Civil Code, § 1911 (West 1983)("That is only deemed to

26 have been adjudged in a former judgment which appears on its face to have been so

27 adjudged, or which was actually and necessarily included therein or necessary thereto.").

28

1  In *Younie*, the BAP held that the issue of fraud was "necessarily determined" in state

2  court, because the factual findings in the default judgment specifically related to the fraud

3  cause of action in the complaint, and not to the breach of contract claim.  *Id.* at 374.

4       The court determines that the issues of "willfulness" and "malice" were necessarily

5  determined because they appear upon the face of the judgment to have been so decided

6  in the determination of intent.  Exhibit K to Request for Judicial Notice; *see also, In re*

7  *Younie*, 211 B.R. at 374, *citing,* California Civil Code, § 1911.  As noted previously, the

8  state court specifically held in its judgment that the Defendants engaged in acts that were.

9  . . willfully, wantonly, fraudulently, maliciously, and with callous disregard and indifference

10 to the rights of EFS and BARRY, and this holding supported a finding of intent in

11 determining Defendant's liability to Plaintiffs for various intentional torts, including

12 conversion and misappropriation of their assets.  *Id.* (emphasis added).  Thus, the issues

13 were necessarily decided.

14       D.       The Default Judgment Was On the Merits

15       The judgment was appealed twice.  Both times, the Court of Appeal did not disturb

16 the state court's findings that the Defendant's conduct was "willful" and "malicious" with

17 respect to liability for various intentional torts, reversing only because some of the

18 compensatory and punitive damages awards were incorrectly calculated and/or were not

19 allowable, and otherwise affirming the state court's judgment as to the Defendant's

20 liability for other compensatory damages for intentional torts.  Exhibits J and K to Request

21 for Judicial Notice.  The state court judgment is now final and is on the merits.

22       E.       The Parties Are the Same Parties

23       The parties are the same parties as in the underlying state court action, i.e., EFS

24 and Barry were the plaintiffs in the state court action and in this adversary proceeding,

25 and Murphy was a defendant in the state court action and in this adversary proceeding.

26       Thus, Plaintiff EFS has established a prima facie case that the elements of

27 collateral estoppel or issue preclusion are met, and the court determines that the state

28

1  court default judgment has preclusive effect as to whether the debt was for "willful and

2  malicious" injury by Defendant to Plaintiff EFS under 11 U.S.C. § 523(a)(6).  As reflected

3  in the state court judgment, Plaintiffs had valid claims against Defendant for conversion,

4  intentional interference with economic relations, intentional interference with prospective

5  economic relations, misappropriation of trade secrets, unfair and untrue and misleading

6  advertising, trespass as to real and personal property, which support the Motion as to the

7  second through seventh causes of action in the first amended complaint in this adversary

8  proceeding.

9  **2.  There Is No Genuine Issue of Material Fact as to whether the Debt to the**

10  **Plaintiffs Is Non-dischargeable under 11 U.S.C. § 523(a)(6).**

11          Because Plaintiff EFS has established a prima facie case with respect to the

12  second through seventh causes of action of the first amended complaint based on the

13  preclusive effect of the state court judgment that the debt was for willful and malicious

14  injury by Defendant to Plaintiff EFS, the burden shifts to Defendant to come forward with

15  evidence to show that there is a genuine issue of material fact for trial.

16          Defendant, however, has submitted no evidence in response to the Motion or

17  otherwise opposed it.  In *Hibbs*, this court granted summary adjudication that the debt

18  arose from "willful" injury because, "[e]ven without the application of collateral estoppel,

19  [the debtor] has submitted no evidence to show that he did not intend to do the acts," and,

20  therefore, "he has not shown the existence of a genuine dispute."  *In re Hibbs*, 161 B.R. at

21  267.  As in *Hibbs*, Defendant has not shown any evidence that his acts were not "willful

22  and malicious."  Thus, Defendant has not met his burden in showing the existence of a

23  genuine issue of fact in response to Plaintiffs' motion for summary judgment.

24          Based on the foregoing, the state court judgment has preclusive effect as to

25  whether the debt to Plaintiff EFS was for "willful and malicious injury" under 11 U.S.C.

26  § 523(a)(6).  Plaintiff EFS met its burden of showing that no genuine issue of material fact

27  exists.  The burden then shifted to the Defendant to come forward with evidence to show

28

1    that there is a genuine issue of material fact.  Defendant has submitted no evidence in

2    response to the Motion.  Therefore, even without the application of collateral estoppel,

3    Defendant has not met his burden in showing the existence of a genuine issue of fact.

4        In showing that the debt was for willful and malicious injury by Defendant by

5    uncontroverted evidence, Plaintiff EFS has also shown that it is entitled to judgment as a

6    matter of law that the debt owed by Defendant to it based on the state court judgment

7    should be excepted from discharge under 11 U.S.C. § 523(a)(6), and therefore, Plaintiff

8    EFS is entitled to summary judgment under that statute.

9    **3.  Plaintiff EFS Is Not Entitled to Summary Judgment Because the Only Claim**

10   **under 11 U.S.C. § 523(a)(4) Was Previously Dismissed and the Unobjected-to Proof**

11   **of Claim Does Not Have Preclusive Effect under 11 U.S.C. § 523(a)(4).**

12       Plaintiff EFS alternatively argues that the evidence in support of the Motion

13   establishes that the debt is non-dischargeable under 11 U.S.C. § 523(a)(4).

14   Supplemental Brief, filed on July 15, 2010, at 15-16.   Specifically, Plaintiff EFS argues

15   the requirements of a claim under § 523(a)(4) are satisfied through the res judicata effect

16   of the unobjected-to proof of claim.  *Id., citing Siegal v. Federal Home Loan Mortgage*

17   *Corp.,* 143 F.3d 525 (9th Cir. 1998).  The proof of claim is based on the state court default

18   judgment discussed above, and as acknowledged by Plaintiffs, the state court judgment

19   was partially reversed on appeal as to their claim against Defendant and others for

20   breach of fiduciary duty, which is alleged to be the basis of the claim under 11 U.S.C. §

21   523(a)(4).

22       The claim under 11 U.S.C. § 523(a)(4) should be denied.  First, it should be denied

23   because the only claim in the first amended complaint under 11 U.S.C. § 523(a)(4) was

24   dismissed by prior order of the court.  Second, the claim should be denied because

25   Plaintiff EFS cannot establish collateral estoppel against Defendant under  § 523(a)(4) for

26   breach of fiduciary duty based on the unobjected-to proof of claim as it is based on the

27   state court default judgment which does not incorporate a valid and final judgment as to a

28

13

1  claim for breach of fiduciary duty.  .  .  .  *In re Harmon*, 250 F.3d at 1245 (citation omitted).

2  Thus, Plaintiff EFS has not met its burden of persuasion on summary judgment as to the

3  claim under § 523(a)(4), and the Motion is denied as to this claim.

4  **CONCLUSION**

5  Accordingly, the court determines that the state court default judgment in favor of

6  Plaintiffs against Defendant is entitled to preclusive effect, and Plaintiff EFS has met its

7  ultimate burden of persuasion on summary judgment to show that there are no genuine

8  issues of material fact arising from its claims under 11 U.S.C. § 523(a)(6) and that

9  Plaintiff EFS is entitled to judgment as a matter of law as to the claims under 11 U.S.C.

10  § 523(a)(6).

11  The Motion is granted as to the claims under 11 U.S.C. § 523(a)(6) on the second

12  through seventh causes of action of the first amended complaint as discussed herein, but

13  is otherwise denied on all other claims.

14  Plaintiff EFS is ordered to submit a proposed judgment consistent with this

15  memorandum decision within 30 days of entry of this decision.

16  IT IS SO ORDERED.

17  ###

18

19

20

21

22

23  Date: September 25, 2013

24  _____
    Robert Kwan
    United States Bankruptcy Judge

25

26

27

28

14

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **MEMORANDUM DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) **9/25/13**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- David R Haberbush    dhaberbush@lbinsolvency.com,
  ahaberbush@lbinsolvency.com,julrich@lbinsolvency.com,abostic@lbinsolvency.com
- Richard A Marshack (TR)    pkraus@marshackhays.com,
  rmarshack@ecf.epiqsystems.com
- R G Pagter    gibson@pagterandmiller.com,
  pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2.   SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses stated below:

Einar W Johnson
24445 Hawthorne Blvd Ste 104
Torrance, CA 90505

Brennon Ty Bishop
613 Joan Way
Placentia, CA 92870-2310

**3.   TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009

**F 9021.1**